IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS MacDONELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1264-G |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Prudential Insurance Company of America has filed a motion for protective order in this civil action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* As grounds for its motion, defendant maintains that discovery in ERISA actions is limited to the administrative record, which has been provided to plaintiff. While plaintiff agrees that the ultimate fact issue presented in this case--whether he is disabled under the terms of the Plan--must be determined solely by reference to the administrative record, plaintiff maintains that the additional discovery he has requested should be allowed to narrow the issues and facilitate the trial of this case. The parties have briefed their respective positions in a Joint Status Report filed on November 14, 2005, and the motion is ripe for determination.[1]

With limited exceptions, discovery in a case seeking judicial review of the denial of benefits under an ERISA plan is restricted to consideration of the administrative record. *Vega v. National*

---

[1] In a face-to-face conference held between counsel after this motion was filed, defendant agreed to answer Interrogatory 15 and plaintiff agreed to withdraw Interrogatory 1 and Requests for Admission 5-13, 20, 42-45, 47-50, 52-55, 57-60, 62-65 & 75. The specific discovery requests that remain in dispute are Interrogatories 2-14, Requests for Admission 1-4, 14-19, 21-41, 46, 51, 56, 61, 66-74 & 76-135, and whether further responses to Plaintiff's First and Second Requests for Production should be required. (*See* Jt. Stat. Rep. at 1-2, ¶¶ (c) & (d)).

*Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc).  "[T]he administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Id.* at 300.  The court may also consider evidence of "how an administrator has interpreted terms of the plan in other instances, and evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim."  *Estate of Bratton v. National Union Fire Insurance Co.*, 215 F.3d 516, 521 (5th Cir. 2000), *citing Vega*, 188 F.3d at 299.

Plaintiff does not seek discovery for the purpose of testing the accuracy and completeness of the administrative record.  Nor has plaintiff identified specific interrogatories, document requests, and admissions directed to defendant's interpretation of the plan in other instances.  Rather, it appears that plaintiff seeks discovery beyond the administrative record in an attempt to show that defendant misinterpreted the plan in this instance and failed to adhere to the requirements of federal law.  (*See* Jt. Stat. Rep. at 5-7, ¶ (e)).  Such discovery is not permitted in an ERISA action.  *See Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D (N.D. Tex. Aug. 31, 2005) (Fitzwater, J.).

For these reasons, defendant's motion for protective order is granted.  Defendant is not required to respond to plaintiff's interrogatories, requests for production, or requests for admission, other than production of the administrative record.

SO ORDERED.

DATED:  November 15, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE